IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERRY BALLOG,

                                                    OPINION AND ORDER

                Plaintiff,

                                                     13-cv-210-bbc

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Terry Ballog has brought this action to review a final decision by defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying his application for Supplemental Security Income.  He contends that the administrative law judge that decided his case erred in two respects: (1) he did not account for plaintiff's limitations in concentration, persistence and pace and (2) he applied the Medical-Vocational Guidelines mechanically rather than using vocational testimony, as he is required to do when a claimant has nonexertional limitations on his ability to work.  In fact, the administrative law judge did account for plaintiff's limitations and he applied the guidelines properly in determining that plaintiff is capable of performing a full range of work at all exertional levels, so long as the work is limited to simple routine tasks with occasional contact with the public and co-workers.  Therefore, judgment will be entered in favor of defendant.

1

RECORD FACTS

Plaintiff Terry Ballog was born in November 1978. He is the father of three children, all of whom live with him and his mother. He has a history of extensive substance abuse, as well as panic disorder with agoraphobia, anxiety and depression. He has no physical problems other than a history of hypertension, which is controlled by medication.

One treating physician, John Ewing, a family practice doctor, and two nonexamining agency psychologists completed questionnaires evaluating plaintiff's mental impairments. Ewing filled out a Mental Impairment Questionnaire on February 28, 2011 in which he identified plaintiff's mental problems as "anxiety, panic attacks [with] agoraphobia, GAD [generalized anxiety disorder], history of substance abuse, opioid dependence." AR 424. In Ewing's opinion, plaintiff had a "fair to good" prognosis and had a number of symptoms. Ewing rated plaintiff as having "marked"

- difficulties in maintaining social functioning;

- deficiencies of concentration, persistence and pace; and

- repeated episodes of decompensation lasting two weeks within a one-year period. According to Ewing, plaintiff experienced several episodes of decompensation weekly. Id.

AR 426. He also noted that plaintiff had a history of one of more years' inability to function outside a highly supportive living arrangement with an indication of continued need for such an arrangement and he anticipated that plaintiff would be absent from work more than four days a week. AR 427.

Agency medical consultant Darrell Snyder, Ph.D., reviewed plaintiff's records in April

2010 and concluded that plaintiff had

- mild restriction of activities of daily living;

- moderate difficulties in maintaining social functioning;

- moderate deficiencies in maintaining concentration, persistence and pace; and

- no repeated episodes of decompensation of extended duration. AR 296.

He believed that plaintiff was making some gains in self control during anxiety attacks, that his drug screens did not show continuing use of controlled substances and that his opioid use was treated with Suboxone. Overall, Snyder believed that plaintiff's mental condition was improving as he became increasingly sober and compliant with psychotherapy. AR 298. He added that plaintiff's statements were "fully credible and consistent with the medical and non-medical data in [the] file." Id.

Snyder assessed plaintiff as moderately limited in

- his ability to understand, remember and carry out detailed instructions;

- his ability to accept instructions and respond appropriately to criticism from supervisors;

- his ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and

- his ability to proceed appropriately to changes in the workplace.

AR 301. In Snyder's opinion, plaintiff had the intact ability to

- sustain concentration and carry out routine, repetitive tasks of 3-4 steps;

- maintain his concentration and attention for extended periods; and

- perform activities within a schedule, sustain an ordinary routine and complete a normal workday and workweek.

AR 300-01. However, plaintiff's ability to handle public contact would be "reduced," and adequate only to handle brief, infrequent and superficial contact. AR 302. Snyder added the comment that "[b]ased on a review of all available medical evidence, the claimant would be limited to performing unskilled tasks of 3-4 steps on a sustained basis in a low stress work environment with limited interactions with others." Id.

Another agency consultant, Eric Edelman, Ph.D., completed a psychiatric review technique of plaintiff in November 2010. He noted that plaintiff had a "medically determinable impairment" of depression," AR 376, as well as an affective disorder, the anxiety-related disorders of "anxiety disorder [not otherwise specified] and panic [disorder] with agoraphobia" and substance addiction disorders. AR 373-78. In his opinion, plaintiff had

- only mild restriction of activities of daily living;

- moderate difficulties in maintaining social functioning; and

- moderate difficulties in maintaining concentration, persistence and pace.

AR 383. He had no episodes of decompensation of extended duration. Id. Edelman concluded that plaintiff would be

- moderately limited in his ability to understand and remember detailed instructions and carry them out;

- moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors; and

- moderately limited in his ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes.

4

AR 388. However, Edelman found that plaintiff was not significantly limited in other respects, such as understanding, remembering and carrying out short and simple instructions. Id. Like Snyder, he found that plaintiff could

- perform activities within a schedule;
- complete a normal work day and workweek; and
- maintain concentration and attention for extended periods.

AR 387. Unlike Snyder, Edelman did not find that plaintiff would be moderately limited in his ability to respond appropriately to changes in the workplace. Id.

Plaintiff did not appear on January 31, 2012 for his scheduled hearing, although his attorney was present. AR 51. The administrative law judge reminded counsel that if his client had good cause for not being present, the Social Security Administration would schedule a new hearing date. AR 56. Counsel never asked for a new hearing. AR 27.

The administrative law judge issued his decision on March 22, 2012, finding that plaintiff had severe impairments, but did not have an impairment or a combination of impairments that met or medically equaled the severity of a listed impairment. AR 29-30. He found that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels, with two nonexertional limitations: his work would have to be limited to simple routine tasks and he could have only occasional contact with coworkers and the public. AR 30. The administrative law judge acknowledged plaintiff's substance abuse, his membership in a gang and in the Ku Klux Klan and his incarcerations for various charges, including disorderly conduct, criminal damage to property, operating a vehicle after

5

revocation of license, assault and battery and possession of THC. AR 31. He noted that plaintiff had been hospitalized from August 6, 2009 through August 11, 2009 for anxiety and suicidal thoughts. Id. He noted also that plaintiff was within the average range of intelligence, had no unusual psychomotor activity, adequate concentration and attention and grossly intact short and long-term memory, logical thought processes, normal comprehension and fluid speech. Id.

The administrative law judge gave little weight to the opinion of plaintiff's treating physician, Dr. Ewing, because Ewing did not have a "longitudinal medical record" that supported the restrictions he imposed and because Ewing's own notes showed that plaintiff's medical condition improved as he became increasingly sober. AR 33.

The administrative law judge concluded by acknowledging that plaintiff's ability to perform work at all exertional levels had been "compromised by nonexertional limitations," AR 34, but he found that those nonexertional limitations would not affect the occupational base of unskilled work at all exertional levels. From this he found that plaintiff was appropriately determined "not disabled" under the framework of § 204.00 of the Medical-Vocational Guidelines. Id.

OPINION

At the outset, I note that plaintiff did not object to the administrative law judge's decision to give little weight to Ewing's evaluation, so it is not necessary to discuss the point. Plaintiff starts out with his objection to the administrative law judge's determination that

plaintiff can perform simple and routine work, so long as he has only occasional contact with the public and coworkers. Citing Young v. Barnhart, 362 F.3d 995, 1003-04 (7th Cir. 2004), he contends that the term "simple, routine work" does not account adequately for his mental, nonexertional restrictions in concentration, persistence and pace. In Young, the court of appeals held that the term "simple, routine, repetrive, low stress work" was not an apt substitute for specific findings about the claimant's abilities, but in that case the claimant had a number of problems that plaintiff does not have, including the inability to perform repetitive work, limitations on working alone or with others, accepting instructions from supervisors, responding appropriately to criticism, etc. In this case, plaintiff is moderately limited in following detailed instructions, but not limited at all in following simple instructions or performing repetitive work. In addition, both Drs. Snyder and Edelman were of the opinion that plaintiff could maintain concentration and attention for extended periods, sustain an ordinary routine and complete a normal workday and workweek. Thus, unlike the administrative law judge in O'Connor-Spinner v. Astrue, 627 F.3d 614 (7th Cir. 2010), who lacked sufficient information about the plaintiff's concentration, persistence and pace to determine whether she could perform jobs in the national economy, the administrative law judge in this case had adequate information from which to conclude that plaintiff's nonexertional restrictions in concentration, persistence and pace would not prevent him from performing, simple, routine work.

Plaintiff's second objection is that the administrative law judge applied the Medical-Vocational Guidelines without acknowledging that doing so was improper when a claimant

7

had nonexertional limitations. This objection is not persuasive. Plaintiff believes that the administrative law judge should have elicited testimony from a vocational expert, but it was not necessary in plaintiff's case because his nonexertional limitations had "little or no effect" on his ability to perform the range of unskilled work. This was a reasonable finding that is not refuted by any evidence in the record, but is supported by SSR 85-15, as the administrative law judge noted. That ruling provides that "[Unskilled jobs at all levels of exertion] ordinarily involve dealing primarily with objects, rather than with data or people, and they generally provide substantial vocational opportunity for people with solely mental impairments who retain the capacity to meet the intellectual and emotional demands of such jobs on a sustained basis."

The administrative law judge does not have an obligation to call a vocational expert unless the claimant has a nonexertional limitation that substantially limits the range of work he can perform. Luna v. Shalala, 22 F.3d 687, 691 (7th Cir. 1994). In this case, he did not err when he chose not to question the vocational expert who was present for plaintiff's hearing. He had substantial evidence from the agency psychologists supporting his decision to rely on the grid instead. Walker v. Bowen, 834 F.2d 635, 641 (7th Cir. 1987) (administrative law judge's use of grid upheld as long as substantial evidence supports its use).

I conclude therefore that the administrative law judge's decision must be upheld. Plaintiff's motion for summary judgment will be denied and judgment entered for defendant.

ORDER

IT IS ORDERED that plaintiff Terry Dean Ballog's motion for summary judgment, dkt. #11, is DENIED and the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff's application for Supplemental Security Income is AFFIRMED.  The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 7th day of February, 2014.

> BY THE COURT:
> /s/
> BARBARA B. CRABB
> District Judge